**OFFICE OF THE IMPARTIAL ARBITRATOR**
------------------------------------------X
In The Matter Of The Arbitration

       between

New York City District Council of Carpenters
Pension Fund, New York City District Council of
Carpenters Welfare Fund, New York City
District Council of Carpenters Vacation Fund,      OPINION
New York City District Council of Carpenters
Annuity Fund, New York City District Council        AND
of Carpenters Apprenticeship, Journeyman
Retraining, Educational and Industry Fund,        DEFAULT AWARD
New York City District Council of Carpenters
Charity Fund, United Brotherhood of Carpenters
and Joiners of America Fund and New York City
and Vicinity Joint Labor Management Cooperation
Trust Fund, by Michael J. Forde and Paul
O'Brien, as Trustees
                          (Funds)

     -and-

DTRT Construction Inc.
                        (Employer)
------------------------------------------X
BEFORE: Robert Herzog, Esq.

     DTRT Construction Inc. (hereinafter referred to as the "Employer") and the District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America, are parties to Collective Bargaining Agreements, dated July 01, 2001 and thereafter, providing for arbitration of disputes before the undersigned Arbitrator as Impartial Arbitrator, and in which the Employer has therein agreed, for the duration of the Agreements, to pay contributions toward employee benefit funds (hereinafter

1

collectively referred to as the "Funds"). The Funds, as beneficiary of the Collective Bargaining Agreements, have standing before the Arbitrator. In accordance therewith, the Funds, by a February 7, 2007 Notice of Intention to Arbitrate, demanded arbitration. The Funds alleged the Employer failed to permit the Funds to conduct an audit of its books and records for the period of January 6, 2004 through to date to determine whether it is in compliance with its obligation to contribute to the Funds. A Notice of Hearing dated February 17, 2007 advised the Employer and the Funds that the arbitration hearing was scheduled for March 28, 2007.

The Notice of Hearing was sent to the Employer by regular and certified mail. A United States Postal Service Certified Mail Return Receipt evidences delivery of the Notice of Hearing to the Employer.

On March 28, 2007, at the place and time designated by the aforesaid Notice of Hearing, Steven Kasarda, Esq. appeared on behalf of the Funds. Despite the Employer having been sent notice of the proceeding and the claim against it, no appearance on its behalf was made. Also, no written, mutually agreed upon waiver by the parties to adjourn the proceeding, as required by the Collective Bargaining Agreements, was presented. The arbitration proceeded as a Default Hearing. Full opportunity was afforded the party present to be heard, to offer evidence, and to examine witnesses. The Funds thereupon presented their proofs to the Arbitrator.

The uncontroverted testimony and evidence established that:

- During the January 6, 2004 to date period, the Employer was bound to Collective Bargaining Agreements with the District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America.

- The Collective Bargaining Agreements obligated the Employer to make certain payments to Fringe Benefit Trust Funds on behalf of all its carpenter employees pursuant to schedules set forth in the Agreements.

- The Collective Bargaining Agreements authorized the Funds to conduct an audit of the Employer's books and records in order to verify that all the required contributions were made to each of the aforesaid Fringe Benefit Trust Funds maintained by the Funds.

- In accordance with this auditing provision, an accountant, employed by the Funds, sought to conduct an audit of the Employer's books and records.  In violation of this auditing provision, the Employer did not consent to an audit of the Employer's books and records.

## AWARD

Based upon the substantial and credible evidence of the case as a whole:

1. DTRT Construction Inc. is in violation of the terms of the Collective Bargaining Agreements;

2. DTRT Construction Inc. is ordered to permit and facilitate the Funds conducting an audit of its books and records for the period of January 6, 2004 through to date to determine whether it is in compliance with its obligations to contribute to the Funds;

3. DTRT Construction Inc. shall pay to the Funds forthwith the Funds' counsel's fees, the undersigned Arbitrator's fee, and all associated court costs in the following amounts:

| | |
|---|---:|
| Court Costs | $ 350.00 |
| Attorney's Fee | 1,500.00 |
| Arbitrator's Fee | 500.00 |
| TOTAL | $2,350.00 |

4. DTRT Construction Inc. shall pay to the District Council Carpenters Benefit Funds the aggregate amount of two thousand three hundred fifty dollars ($2,350.00) with interest to accrue at the rate of 10% from the date of this Award.

```
                                    _____
                                    Robert Herzog
Dated: April 2, 2007                Arbitrator
```

State of New York  )
County of Rockland )

    I, Robert Herzog, do hereby affirm upon my oath as Arbitrator that I am the individual described in and who executed this instrument, which is my Award.

```
                                    _____
                                    Robert Herzog
Dated: April 2, 2007                Arbitrator
```

```
To:  DTRT Construction Inc.
     Attn: Mr. Thomas Saffioto, President
     75 Essex Street, Suite 200
     Hackensack, New Jersey 07601

     Steven Kasarda, Esq.
     New York City District Council Carpenters Benefit Funds
     395 Hudson Street
     New York, New York 10014
```